## PALMER AND CURTIS V. JOHN MOORE.

LICENSE TO FLOW LANDS, *Given by Person Holding Only an Equitable Right, and Inchoate Title, Although in Possession, not Binding on Holder of Paramount Title.* Where C., the owner of real estate injured by the flowing back of water resulting from the height of a mill-dam constructed by R. across a river on his own land, obtains a judgment against R. restraining him from maintaining a dam above the height of thirty inches from the forebay or flume of his mill-race, requiring its abatement ·to that height, and authorizing execution to carry the judgment into effect, and afterward C. makes a contract to sell the real estate affected by such dam to M. and B. and causes a title-bond to be executed therefor to the purchasers, conditioned to be void and of no effect if its provisions be not complied with, and M. and B. take possession of the real estate, pay one-fourth of the purchase-money and execute their notes for the deferred payments, and while thus in possession gives R. the right to raise his mill-dam above said height of thirty inches, which is done; and thereafter M. and B., the purchasers, make default in the payment of their notes given for the installments named in the title-bond, and by consent of all parties to the contract of purchase and notes, the contract is rescinded, the notes and title-bond canceled, and the possession of the premises delivered back to C.: *held,* in an action brought by the grantee of R. against C., and the sheriff in whose hands the execution to reduce the height of the dam had been placed, to restrain them from enforcing the judgment to abate the dam to the height authorized by the judgment of C. against R., that the court below erred in rendering judgment perpetually enjoining C. and the sheriff from abating or reducing the said dam below the height established by R.

### *Error from Cherokee District Court.*

INJUNCTION, brought by *Moore*, against *Curtis*, plaintiff in a former action, and *Palmer*, as sheriff, to restrain them from executing a certain decree made in favor of *Curtis* against *Moore's* grantor. All the necessary facts appear in the opinion. The district court, at the April Term 1875, gave judgment in favor of *Moore*, and *Curtis* and *Palmer* bring the case here on error.

*Ritter & McKenney*, for plaintiffs in error.

*Hutchinson & Cowley*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: At the July Term for 1871 of the district court of Cherokee county, in a suit pending therein, of E. H. Curtis against Norman Reed, judgment was rendered for the plaintiff restraining the defendant from maintaining a dam across Spring river in said county above the height of thirty inches, measuring from a given point. The judgment also required its abatement to that height, and awarded execution to carry the judgment into effect. Subsequently Curtis bargained away his interest in the land injured by the raising of the dam, and his trustee, with his wife, executed a title-bond to Murphy & Bryant, the purchasers of the land, conditioned for the making of a deed to M. & B. upon the payment of $4,000, in four installments, viz., $1,000 on October 1st 1871; $1,000 on March 1st 1872; $1,250 on March 1st 1873; and $750 on March 1st 1874. The title-bond contained the provision that if M. & B. failed to comply with the conditions of the bond, the same should be void and of no effect. In pursuance of said contract, the first payment was made by M. & B., and notes executed and delivered for the balance, and thereupon possession of all the property was turned over to M. & B. M. & B. held possession of the property until in February 1873. They then had failed to make the payments due March 1st 1872. In February 1873, by agreement of all the parties to the title-bond and the notes, the title-bond was forfeited, and delivered back to the obligors; the notes of M. & B. were canceled, and the premises and the possession thereof delivered up to E. H. Curtis. During the time M. & B. were in the possession of the real estate, and prior to February 1873, Reed, with their consent, and under an agreement with them, raised his dam above the height named in the judgment of Curtis v. Reed. This was done without the knowledge or consent of Curtis; and at the time the title-bond was canceled and the notes returned, Curtis had no knowledge that the dam had been raised. Reed sold out his interest in the land, and the dam

thereon, to the defendant in error. Just prior to the institution of this suit in the court below, Curtis attempted to enforce his judgment rendered in his case against Reed, to lower the dam, by causing execution to issue, and placing it in the hands of Palmer as sheriff to execute. Thereupon Moore, the grantee of Reed, instituted an action to enjoin Curtis and sheriff Palmer from enforcing said judgment. The court below sustained the cause of action of Moore, and rendered judgment perpetually enjoining Curtis and Palmer from enforcing the judgment to reduce the dam below the height established by Reed. Plaintiffs in error seek to reverse the last-named judgment.

Murphy & Bryant, at the time of the consent to Reed, to raise his dam, only had an equitable interest in the property in their possession, and could not transfer greater rights than those possessed by themselves. Upon the payment of the purchase-money in full, the equitable title of Murphy & Bryant would have sufficiently ripened as to have authorized them to have demanded the transfer to them or their grantees of the legal title. Prior to the payment of the purchase-money, they held the premises subject to a forfeiture of all their rights and interest therein upon proper proceedings had by their grantor on default of payment of the moneys stated in the title-bond. When the contract for purchase was rescinded by the mutual agreement of all the parties to the title-bond, and the notes given by the purchasers canceled, and the premises delivered back into the possession of Curtis, the equities of Murphy & Bryant were determined. The property then reverted back to Curtis in the condition it was prior to the execution of the contract of sale. Reed had no equities superior to Murphy & Bryant; and as he had actual notice, and was also bound in law to take notice of the rights of Murphy & Bryant in the premises, he cannot claim any benefit arising under them as against the judgment of Curtis, when they have returned the land and all their equities to Curtis. The possession of the premises, under the contract of purchase, by Murphy & Bryant, gave them no power or

authority to satisfy the judgment of Curtis v. Reed until they had complied with their contract. This they not only refused to do, but voluntarily gave up their contract, and conceded all their rights in the lands were forfeited. Reed's authority from Murphy & Bryant to raise his dam operated as a license founded solely on the equity of the latter in the property in their possession, and when that equity was concluded by their own act, and with their own consent, the license could not be continued against the will of Curtis, to whom the possession of the land and all the equities reverted. Reed's grantee, Moore, only succeeded to the rights of Reed, and could not, under the circumstances, continue the height of the dam in violation of the orders of the court. As the counsel for plaintiff in error suggests, if Murphy & Bryant could have legally authorized Reed to raise his dam to the height he did, while they were in possession of the premises under an equitable title on which but one-fourth of the purchase-money had been paid, and Curtis be estopped by their consent from abating or reducing the height of the dam, Murphy & Bryant had it in their power when in possession of the premises to permit Reed to raise his dam sufficiently high to destroy the mill-site on the land of Curtis, and to flood the same. Such is not the law. Reed acted without the consent or knowledge of Curtis; and Moore took the premises from Reed subject to the judgment of Curtis. Curtis is not precluded from enforcing his judgment obtained in July 1871, by any agreement between Murphy & Bryant and Reed, set up in the record, and the action of the court below in rendering judgment in favor of Moore was erroneous.

Counsel for plaintiff in error ask this court to reverse the judgment, and to order the court below to render judgment in favor of Curtis and Palmer. We cannot construe the record as showing that the court made any findings of fact; and as the case was not tried upon an agreed statement of facts, we can only order a reversal of the judgment.

The judgment of the court below is reversed, and cause remanded for a new trial.

All the Justices concurring.